Albaugh, J.
At the March term, 1887 of the court of common pleas, the plaintiff in error was indicted for murder in the first degree, and at the September term following, was tried, convicted as charged in the indictment, and sentenced. After the indictment was filed, a plea in abatement was interposed by the-plaintiff in error, in which he set forth-, in substance, that the grand jury which found the indictment was not composed of the requisite number of persons qualified by law to serve as such. That one Julius Eberhart, was'a member of said jury, and was not legally qualified, for the reason that he had served as a talesman grand juror in said court within twelve months next preceding the term at which the indictment was found. That W. B. Luce was also a member of said grand jury, regularly selected and sworn as a juror from Canaan township, ip said county; that he was not qualified, for the reason that he had served as a regular grand juror in said court within two years next preceding the term of court at which the indictment was found. Also that one, Zimmerman, was not qualified by reason of unsoundness of mind.
The prosecuting attorney demurred to the plea in abatement, which was overruled by the court; a reply was then filed denying all the allegations in the plea.
*60 Upon the trial of the issue thus presented, a finding was made in favor of the state. Upon the trial the plaintiff in error offered testimony, and proposed to prove in support of the allegations contained in his plea, that said Julius Eberhart was a member of the grand jury that found the indictment, and that he had served as a> talesman grand juror at the November term of said court, 1886. The state objected to this testimony, and it was excluded by the court, and plaintiff in error excepted. It was also offered and proposed to prove, that W. B. Luce was a member of the grand jury that found the indictment, and that he had served as a regular grand juror in said court within two years from the time at which the indictment was found. This testimony was also excluded upon objection by the state, and exceptions taken. A bill of exceptions was taken, and a petition in error is now filed to reverse the judgment of the court of common pleas. It is alleged that the court erred in excluding the testimony as to the qualifications of the jurors Eberhart and Luce.
If either of these persons did not have the qualifications prescribed by the statute, then there was no indictment charging a crime for which the plaintiff in error could be put upon trial. The number of persons required to constitute a grand jury, and their qualifications, are fixed by law.
The claim that the first named juror was disqualified, is based upon an erroneous construction of sec. 5176, Rev. Stats. This section provides, among other things, that it shall be a good cause for challenge to any person called as a juror for the trial of any cause, that such person not being a regular juror of the term, has served once already on a jury as a tales-man in the trial of any cause in any court of record in any county, within the preceding twelve months, and it is contended that this disqualification applies to a gi^and juror as well as a petit juror. This section, we think, clearly applies to the trial of cases to a petit jury only.
There are a variety of causes of challenge upon the trial of a case to a petit jury which have no reference to the qualifications of grand jurors, and which could not be available to persons indicted for crime. It is not probable that a person indicted could have opportunity to exercise a right to challenge *61 a grand juror for cause. He may not know that a charge is preferred against him until after indictment and arrest, or he may be imprisoned without any opportunity to appear in person or by counsel to exercise such right — and when an indictment is found by a jury, some of which do not have the necessary qualifications, the objection can be taken by the plea in abatement.
In the case of The State v. Easter, 30 Ohio St. 542, a nephew of the person murdered was a member of the grand jury that found the indictment, and it was held that such juror was not disqualified. It is further said in that case, that the grand jury only presents the charge against an accused person — it does not try the charge. This is for the petit jury, and it is well enough that they are subject to challenge for cause; but as to the grand juror, his qualifications are simply those the statute has specified.
The facts set forth in the plea as to this juror do not show that he was disqualified, and the testimony offered in support thereof was properly excluded.
It is further alleged that the court erred in excluding the testimony offered in support of the plea as to the qualification of the juror W. B. Luce. The question made by this assignment of error involves the construction of sec. 5164, Rev. Stats., as amended in 82 Ohio L. 166. The original section is as follows: “ The trustees of each township and the councilmen of each ward, shall on the day of such general election annually select of good judicial persons having the qualifications of an elector, and not exempt by law from serving as jurors, the number of persons designated in the notice to be returned for jurors therefrom, and shall make'a list thereof and deliver the same to the judge of election, and such judge of election shall deliver the list to the clerk at the time he returns the poll-book.” This section as amended reads as follows : “ The trustees of each township, and the councilmen of each ward, shall on the day of the regular state election, annually, select of good judicious persons, having the qualifications of an elector, who has not served as a regular juror in. any court of record in the county during the two years last past, and not exempt by law from serving as jurors, the number of persons designated *62 in the notice to be returned for jurors therefrom, but no trustee or councilman so acting shall be placed upon the list to serve as a juror.”
It is claimed by the plaintiff in error, that the reference in this section, as amended, to “a person who has not served as a regular juror in any court of record in the county during the two years last past ” is a requisite to qualification, while the state claims that this clause has reference only to persons who are exempt from service under sec. 5180, which provides that public officers, clergymen, physicians, attorneys-at-law, members of the police force, or firemen employed by the authority of a municipal corporation, acting volunteer members of companies for the extinguishment of fires, and persons who serve as active members of such companies for five consecutive years, shall be exempt from service as jurors.
That the legislature did not intend to add to the list of persons exempt from service under this section, is quite clear. The amendment is made to section 5164, which prescribes the ■qualifications that jurors shall have, while there is no change made in the former section. This.exemption is a personal privilege extended to a class of persons, which can be waived or insisted upon at the will of the person entitled thereto, and is not a ground for challenge, while disqualification renders a person incompetent and his acts illegal, if objection is made in the manner prescribed by law.
Sec. 5176 before referred to, provides that a person called, not being a regular juror of the term, who has served as a talesman within twelve months, may be challenged by either party for cause, and a refusal of the court to sustain such challenge, if true, would be error. While it would not be claimed that the overruling of a challenge on the ground that the person called is exempt, would be erroneous.
This in effect disqualifies a person who has served as a tales-man within twelve months, if challenged on that ground. For the same reason, and upon the same principle, the legislature, by this amendment, has provided that a person who has served as a regular juror within two years next preceding, is disqualified.
*63 The object of the legislature in amending this section evidently was to destroy a growing evil that existed in almost every county in the state, and especially in the larger cities, which gave an occupation to the “ professional juror.”
It is the common observation of every person who has had experience in the trial of cases, that such persons, as a rule, are not as efficient and capable as the mass of judicious men who are selected with reference to their honesty and capability.
It is further argued that the clause in the amendment to this section has no reference to a qualification, because it is not made a cause for challenge under the statute. It is true it is not a ground for challenge under sec. 5176, neither is it a ground for challenge that a person is not an elector of the county; yet in Doyle v. The State, 17 Ohio, 222, it is held that a plea to the indictment that one of the grand jurors was not an elector of the county, and therefore did not have the legal qualification, is a good plea.
In that case the court say, “ that the act relating to juries provides that they shall be judicious persons having the qualification of electors. Fifteen qualified persons compose the grand jury; twelve of said jurors must agree before a bill of indictment or presentment shall be found. No man shall be put to answer any criminal charge but by presentment or indictment. Fifteen persons, some having the requisite legal qualifications and others not, cannot constitute a grand jury. Hence, if this plea be true, the indictment was not found by a grand jury. No.person can be put upon his defense on the .charge of crime, or be convicted of a crime, except in the exact mode prescribed by law.”
In some of the states challenge seems to be the only form of making the objection, even where it goes to the personal disqualification of the jurors. The better opinion, however, is, and the current of authority is to that effect, that irregularities in selecting and empanelling grand juries which do not go to their incompetency, can only be objected to by way of challenge, but that their individual incompetency may be pleaded in abatement to the indictment. 17 Ohio St. 558.
It is hardly necessary to observe that it is of the utmost importance to the administration of justice that judicious and *64 capable men should be selected to serve as grand jurors. The grand jury makes an inquest, and prefers charges involving the life and liberty of the, citizen, and should exercise great care and judgment in their deliberations. A person should not be required to meet and defend against an indictment charging crime, unless there is fair and reasonable ground upon which the accusation is founded; hence every safeguard should be adopted, to the end that men with proper qualificacations be selected. The legislature has the power to determine what those qualifications shall be, and it is clearly intended by the amendment to this section to disqualify persons from serving as jurors who had served as regular jurors within two years next preceding. The plain language of this statute does not in our judgment admit of any other reasonable construction.
McClure & Smyser and Moore <fc Smith, for plaintiff in error.
John McSweeney, Jr., for defendant in error.
We are of opinion, therefore, that the juror Luce was, for the reasons set forth in the plea, disqualified from serving as a grand juror at the term of court at which the indictment was found, and that the evidence offered in support of the plea in abatement was erroneously excluded.
The judgment will therefore be reversed, and the cause remanded for further proceedings according to law.